IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY ALLEN LYMAN                                                                      PLAINTIFF

v.                                     Civil No. 5:24-cv-05194-TLB-CDC

CORPORAL DEREK STAMPS, Benton                                                    DEFENDANTS
County Detention Center (BCDC); NURSE
TRACEY ROBISON, Turn Key Health
Clinics, LLC; DEPUTY SIMMERMON,
BCDC; JOHN DOE DEPUTY #1, BCDC;
and DEPUTY ARHANGELSKY, BCDC

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on a Motion to Dismiss filed by Separate Defendants Stamps, Simmermon, and Arhangelsky (hereinafter collectively referred to as "the BCDC Defendants"). (ECF No. 25). The case is also before the Court on the Plaintiff's failure to obey the Orders of the Court.

### I. DISCUSSION

On September 13, 2024, Plaintiff, Larry A. Lyman, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff was incarcerated in the Benton County Detention Center ("BCDC") when he filed his Complaint. (ECF No. 1). On November 18, 2024, Plaintiff filed a notice of change of address to a private residence in Rogers, Arkansas. (ECF No. 11).

1

On February 13, 2025, the BCDC Defendants filed a Motion to Dismiss. (ECF No. 25). The BCDC Defendants state they have been unable to effect service of their correspondence on the Plaintiff. Specifically, Defendants indicate that on January 24, 2025, they mailed Plaintiff correspondence requesting that he respond to past due discovery requests originally propounded to him on December 16, 2024, and December 19, 2024. The correspondence was sent to the Rogers, Arkansas, address contained on the docket sheet. On February 5, 2025, the BCDC Defendants received the correspondence back marked "return to sender and unable to forward."

Because the Court had not received any returned mail, an Order was entered directing Plaintiff to respond to the Motion to Dismiss by March 7, 2025. (ECF No. 28). Thereafter, the Court received two pieces of returned mail on February 24, 2025, including the Order directing Plaintiff to respond to the Motion to Dismiss. The first return envelope was marked "return to sender—unable to forward." (ECF No. 29). The second return envelope was marked "return to sender—moved left no address—unable to forward." (ECF No. 30).

When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 4). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. *Id.*

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

Since February 5, 2025, all mail sent by the BCDC Defendants, or the Court has been returned as undeliverable. The last document filed by Plaintiff in this case was his notice of change of address filed on November 18, 2024. (ECF No. 11).

## II. CONCLUSION

For these reasons, it is recommended that Defendants' Motion to Dismiss (ECF No. 25) be **GRANTED and this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**RECOMMENDED** this 11th day of March 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE